IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DIANE S. ROSENBERG,** *et al.*, | * |
| Plaintiffs, | * |
| v. | Civil No. **PJM 17-1379** |
| **DARYL GREEN,** | * |
| Defendant. | * |

## MEMORANDUM OPINION

*Pro Se* Defendant Daryl Green has attempted to remove this foreclosure action from the Circuit Court for Prince George's County. Plaintiffs ask the Court to remand to state court and grant attorney's fees. For the following reasons, the Court will **GRANT** Plaintiffs' Motion to Remand, except as to attorney's fees (ECF No. 52).

### I. FACTS AND PROCEDURAL HISTORY

This action arises from a foreclosure proceeding initiated by Plaintiffs against Green in the Circuit Court for Prince George's County in June 2015. Nearly two years later, on May 15, 2017, Green filed a Notice of Removal, attempting to remove the case to this Court. In his Notice of Removal, Green raises several counterclaims alleging violations of various federal consumer protection statutes.[1] Shortly after removing the case, Green filed a Motion for Protection and Other Relief (ECF No. 50), in which he states the state court held "secret" hearings after removal and "backdated" the hearing dates on the docket. ECF No. 50. He asks the Court to vacate the state court orders and provide other injunctive relief. *Id.* at 3.

---

[1] Green has also filed a separate civil suit, which is pending before this Court, in which he makes similar allegations. *See Green v. Rosenberg & Associates et al.*, Civil No. PJM 17-732.

1

Plaintiffs filed a Motion to Remand the case based on improper removal on June 2, 2017, and request attorney's fees. Green has filed an Opposition (ECF No. 53).

## II. LEGAL STANDARD

The removing party bears the burden of proving that a federal court has jurisdiction. *Lexington Mkt. v. Desman Assocs.*, 598 F. Supp. 2d 707, 709 (D. Md. 2009) (citing *Lloyd v. General Motors Corp.*, 560 F. Supp. 2d 420, 422 (D. Md. 2008)). Because of the significant federalism concerns raised by lifting cases from state court, removal jurisdiction is to be narrowly interpreted and district courts must resolve all doubts in favor of remand. *Id.*

Additionally, a proceeding must typically be removed within 30 days of the receipt of the initial pleading by the defendant. 28 U.S.C. § 1446 (b). When a defendant fails to timely remove a case, the right to remove is forfeited. *See McKinney v. Bd. of Trustees of Mayland Cmty. Coll.*, 955 F.2d 924, 925 (4th Cir. 1992).

## III. ANALYSIS

To begin, Green's removal of the foreclosure proceeding is untimely. *See* 28 U.S.C. § 1446(b). His notice of removal was filed almost two years after the initiation of the state foreclosure action and more than a year after Green filed his Motion to Dismiss in state court. This is well after the 30 day deadline for removal, *id.*, and Green does not assert good cause for untimely removal.

In any event, even if removal were timely, Green has not met his burden of proving the Court has jurisdiction. A counterclaim filed within the foreclosure proceeding does not create federal question jurisdiction. *See Cohn v. Charles*, 857 F. Supp. 2d 544, 548 (D. Md. 2012). Rather, "the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed." *Herman v. Lincoln Nat'l Life Ins. Co.*, 842 F. Supp. 2d 851, 853

(D. Md. 2012). Thus, Green's federal counterclaims are insufficient to establish federal question jurisdiction. Additionally, Green has failed to prove diversity jurisdiction. Plaintiffs contend that four of them are citizens of Maryland. ECF No. 52-1 at 3. Because Green is also a citizen of Maryland, this destroys complete diversity. Green has not contested Plaintiffs' assertion and has therefore failed to meet his burden of establishing federal jurisdiction.[2]

Because the Court lacks jurisdiction to hear this case, it must remand to state court. Green's Motion for Other Relief (ECF No. 50) is therefore dismissed as **MOOT**.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand (ECF No. 52) is **GRANTED,** and the case is **REMANDED** to the Circuit Court for Prince George's County. Plaintiffs' request for attorney's fees is **DENIED**. Green's Motion for Protection and Other Relief (ECF No. 50) is dismissed as **MOOT**.

A separate Order will **ISSUE**.

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**December 28, 2017**

---

[2] Despite improper removal of the case, the Court does not believe attorney's fees are warranted given Green's *pro se* status. Thus, Plaintiffs' Motion in that regard is **DENIED**.

3